### SAMBUCETTI & CO. v. JAMES E. PEPPER DISTILLING CO.

(Circuit Court of Appeals, Seventh Circuit. March 30, 1920.)

No. 2723.

**Principal and agent ☞29½—Termination of exclusive agency contract by failure to exercise option for further purchases.**

> Under a contract for sale of 200 barrels of whisky, buyer to have sole agency for sale of the branch in a city for two years, with an option to buy an additional "200 barrels or part" within a stated time, in which event the agency was extended for one year, and a further option to buy "an equal number of barrels" in each of the three succeeding years, with like extension of the agency, the exercise of the first option *held* necessary to fix the quantity which might be bought in the following years, and the failure to exercise it *held* to extinguish the right to make further purchases thereunder, and to limit the agency to two years.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Sambucetti & Co. against the James E. Pepper Distilling Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Don C. Wray, of Chicago, Ill., for plaintiff in error.
Ben M. Smith, of Chicago, Ill., for defendant in error.

Before BAKER, EVANS, and PAGE, Circuit Judges.

EVANS, Circuit Judge. Plaintiff in error, herein termed the plaintiff, brought this action to recover damages in the sum of $75,-000 for a breach of a contract to sell and ship certain whisky manufactured by defendant in error, who is herein called the defendant. Omitting the unimportant provisions, the contract reads:

> "Sambucetti & Co. agree to purchase one hundred (100) barrels spring 1911 Jas. E. Pepper, and one hundred (100) barrels spring '12 Jas. E. Pepper, at 55 cts., less 2% for cash, plus carrying charges from date of entry in bond to date. * * *
>
> "In consideration of the above purchase, we [Jas. E. Pepper Distilling Company] agree to the following conditions:
>
> "First. Sambucetti & Co. is to have the benefit of any and all advertising done in Memphis, either in newspaper, billboard, or any other manner, should any be done in this territory.

"Second. Sambucetti & Co. is to have the sole agency in Memphis for the period of two (2) years. * * *

"Twelfth. Option is hereby given to Sambucetti & Co. to purchase an additional hundred (100) barrels spring '11 or two hundred barrels or part spring '12, and the option for the '11's may be exercised any time between now and November 1, 1915, and the option for the '12's any time between now and November 1, 1916. These to be billed to them at 55·cts. less 2% plus carrying charges. We further agree to give them option on an equal number of barrels of '13's, '14's, and '15's, which option they may exercise on or before November 1st of each year.

"Should Sambucetti & Co. exercise their options, the sole agency is to be extended one year for each year's purchase, prices stipulated herein governed during continuance of agency. * * *

"Fourteenth. Should Sambucetti & Co. not bottle all of their '11's and '12's within the specified time of two years they have the privilege of bottling under this contract and at the price stipulated, any time thereafter.

"Dated March 17, 1915."

The controversy arises out of an attempted exercise of the second option found in article 12.

On August 14, 1917, plaintiff, not having exercised its privileges under the first option found in this article, elected to purchase 200 barrels of spring '13, '14, and '15 whisky. Defendant refused to recognize plaintiff's right, and this action resulted.

The contract may well be said to have dealt with three subjects: (a) The sale of certain whisky; (b) the establishment of an agency; (c) options to purchase more whisky under certain enumerated conditions. That the agency provision and the option provisions are related is, we think, manifest. The second paragraph of the twelfth article leaves little or no room for doubt. The contract first provided for a sole agency covering a period of two years. Clauses 2 and 14. This period could be extended, provided plaintiff exercised its option. Clause 12, second paragraph.

As we interpret the option clauses, plaintiff was given the privilege of purchasing an additional 100 barrels of spring '11 whisky, provided the option was exercised before November 1, 1915, and was also given the option of buying any part of 200 barrels of spring '12 product, provided the option was exercised before November, 1916. Had plaintiff exercised this option, the agency would have been extended one year, namely, from March 17, 1917, to March 17, 1918. But plaintiff did not exercise either option, and therefore its agency expired prior to its attempt to exercise the second option. We think the parties never intended that plaintiff might terminate the agency and yet retain the privilege of purchasing additional quantities of whisky. The provision for the extension of the agency in case plaintiff exercised "their options" requires us to construe this paragraph as binding the defendant to sell 1913, '14, or '15 whisky only in case the agency at that time existed.

But another reason for sustaining the judgment appears. The use of the word "equal" in clause 12 is significant. In choosing this word the parties could not have referred to the number of barrels designated in the first option. For the number of barrels purchasable each year differed. What, then, was "an equal number of barrels"? Very clearly it was intended that the number of barrels which plaintiff could

purchase was to be equal to the number purchased the previous year under the first option of article 12. In other words, if plaintiff exercised its options to purchase 200 of the 1912 barrels, then it had the right to purchase an equal number, to wit, 200 barrels, of the spring 1913, 1914, or 1915 product. If, on the other hand, plaintiff elected to purchase but 50 of the 1912 make, it could purchase 50 barrels of the 1913, '14, and '15 manufacture. As the plaintiff did not purchase any of the 1912 barrels under this first option, it had no right under the second option to purchase any of the 1913, '14, or '15 make.

It is unnecessary to consider other questions raised.

The judgment is affirmed.